TOM O'NEILL *et al.* Appellants, *vs.* GILBERT W. SKEETERS, County Clerk, *et al.* Appellees.

*Opinion filed October 28, 1926—Rehearing denied Dec. 10, 1926.*

1. TAXES—*when consent to additional town road and bridge tax is signed by majority of board.* Consent to the levy of an additional town road and bridge tax is signed by a majority of the board when signed by two members, and the fact that one of the signers was the assessor, who, in accordance with the statute, was called in to act in place of the justice of the peace, who was the sole justice of the peace in the town and could not be present, does not cause the board to consist of four members so as to require the signature of three.

2. SAME—*when record is sufficient to show consent to additional road and bridge tax prior to making of levy.* The fact that the commissioner of highways drew up his certificate of levy prior to the meeting of the board of town auditors when consent to an additional town road and bridge tax was obtained does not constitute an irregularity affecting the justice of the tax, where the record of the town clerk recites, in the minutes of the meeting of the commissioner and town clerk, that such meeting was held subsequent to the giving of said consent.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANK L. HOOPER, Judge, presiding.

J. W. KERN, and C. G. HIRSCHI, for appellants.

A. F. KENDALL, and A. F. GOODYEAR, for appellees.

Mr. CHIEF JUSTICE STONE delivered the opinion of the court:

Appellants, together with other tax-payers of the county of Iroquois, filed a bill in the circuit court of that county seeking to enjoin the county clerk from extending certain road and bridge taxes levied by the commissioner of highways of the town of Crescent in the sum of sixteen cents on the $100 valuation, the same being in excess of the fifty cents allowed by statute. The town of Crescent was made

a party defendant. A preliminary injunction was granted, and after the pleadings had been settled the cause was heard on amended bill and answer. The court, on hearing, dissolved the temporary injunction and dismissed the amended bill. for want of equity. The cause comes here on appeal.

The bill alleges that the board of town auditors and highway commissioner of the town of Crescent did not legally make the levy of the additional sixteen cents certified by the commissioner. Appellant Tom O'Neill was supervisor of the town, Edward Rabe was town clerk and H. J. Bruninga was assessor. George Safford was the sole justice of the peace. At the meeting on the first Tuesday of September, 1925, which occurred about seven o'clock P. M., Edward Gocken, highway commissioner, was not present by reason of serious illness in his family. Rabe, the town clerk, called at Gocken's house earlier in the evening and Gocken filled out his certificate of levy and signed it and delivered it to Rabe with instructions to take it to the meeting, and, if the consent of the board of town auditors was had, Rabe should deliver the certificate for him, (Gocken,) and that if the town board did not allow the additional tax Rabe should bring the certificate back to him and he would execute another on the basis of fifty cents. The consent to the additional levy was signed at the meeting of the town board by Rabe as town clerk and Bruninga as assessor. The evidence showed that Bruninga had been requested to act in the place of Safford, who was not present. This request appears to have been in accordance with the provisions of the statute.

It is first contended that the consent was not signed by a majority of the board of town auditors; that while Bruninga acted as a member thereof the board consisted of four members, which would require three signatures to constitute a majority, as required by the statute. Paragraphs 117 and 118 of the Revenue act (Smith's Stat. 1925, p. 2530,) provide as follows:

"Sec. 1. In each town the supervisor, town clerk and justices of the peace of the town shall constitute a board of auditors; said board shall consist of no less than three persons, and each person shall cast but one vote.

"Sec. 2. In case of the absence of any or either of the said officers, or their failure to attend any meeting of the board, those attending may associate with them the collector or assessor of the town, or both, in the place of any absentee or absentees, as the case may be, who shall act for the time being as members of such board."

The board of town auditors in this town consisted normally of three persons, one of whom was absent, and Bruninga, the assessor, was called in to act in his stead. This in nowise raised the membership of the board to four, for, as the statute plainly indicates, Bruninga was acting at the time in the place of the absentee, Safford. The certificate was properly signed by a majority of the board.

It is also contended that the highway commissioner's levy was not made after the giving of the consent but because Gocken filled out the certificate and sent it over, and it was thus shown that the law was not complied with. This objection is trivial. The record of the town clerk introduced in evidence gives the minutes of the meeting held by the commissioner and the town clerk on the first Tuesday of September and recites that such meeting was held subsequent to the giving of such consent. It cannot be said, under the facts of this case, that the commissioner filed his certificate before receiving consent, as he specifically directed the clerk that he withhold the filing of the certificate until after consent was given, and if not given to return the certificate to him. This was not an irregularity which in any way affected the justice of the tax and in nowise vitiated the same.

The chancellor was fully justified in dismissing the bill for want of equity, and the decree will be affirmed.

*Decree affirmed.*